**DAVIS, Collector of Internal Revenue, v. PENFIELD.**

No. 14284.

United States Court of Appeals
Fifth Circuit.

July 10, 1953.

Harvey M. Spear, Robert N. Anderson, Ellis N. Slack, Sp. Assts. to the Atty. Gen., H. Brian Holland, Charles S. Lyon, Asst. Attys. Gen., John D. Hill, U. S. Atty., Birmingham, Ala., for appellant.

Paul Johnston, Forney Johnston, Birmingham, Ala., Chas. B. McInnis, Ernest M. Callomon, Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

The commissioner having assessed, and the plaintiff having paid the collector, a deficiency assessment of $17,223.62, plaintiff brought this suit to recover that sum as erroneously and illegally assessed and collected.

The primary claim was that the receipt by taxpayer of Gulf States Debentures pursuant to a plan for the recapitalization of that company whereby the entire 25,000 shares of previously outstanding $100 par preferred stock (including taxpayers 208 shares) were exchanged for its new debentures, gave rise to a non recognized gain, the taxation of which was postponed under Sections 112(b)(3) [1] and 112(g)(1) (E),[2] I.R.C., 26 U.S.C.A. § 112(b)(3), (g) (1)(E).

A secondary or alternative claim was that if the receipt of such debentures did not constitute such a reorganization-recapitalization, within the meaning of Sections 112(b)(3) and 112(g)(1)(E), and present gain was realized the gain was gain from a partial liquidation of Gulf States under Section 115(i) [3] and hence was taxable as a capital gain under Section 117.

1. "§ 112. Recognition of gain or loss—
    "(a) General rule. Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.
    "(b) Exchanges solely in kind—
        *       *       *       *       *
    "(3) Stock for stock on reorganization. No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization."

2. "(g)  *  *  *  Definition of reorganization. As used in this section (other than subsection (b) (10) and subsection (l)) and in section 113 (other than subsection (a) (22))—
    "(1) The term 'reorganization' means
    *  *  *
    "(E) a recapitalization,"

3. "§ 115. Distributions by corporations
    *       *       *       *       *
    "(c) [As amended by Sec. 147, Revenue Act of 1942, supra] Distributions in liquidation. Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange

The defenses were a denial of the primary claim that the redemption and cancellation of the Gulf States Preferred Stock and their exchange for the Gulf States Debentures was made pursuant to a reorganization, within the meaning of the invoked section and therefore was tax free, a denial of the secondary or alternative claim that the transaction, if taxable was taxable as a capital gain, and an affirmation that what occurred was equivalent to the distribution of a taxable dividend within the meaning of Section 115(g), I.R.C.[4] and, under the Bazley and Adams cases, Bazley v. Commissioner of Internal Revenue, 331 U.S. 737, 67 S.Ct. 1489, 91 L.Ed. 1782, was taxable as ordinary income as the commissioner had determined.

Both commissioner and taxpayer moved for a summary judgment on the pleadings, affidavits, exhibits, etc., and both agreeing that no genuine issue as to any material matter of evidentiary fact was raised or existed for determination, the district judge determined the case on the motion for summary judgment and making and filing full findings of fact and conclusions of law and an opinion,[5] gave judgment for plaintiff.

Appealing from that judgment, defendant is here presenting two questions[6] for our decision, and insisting that both questions be answered in the affirmative. Appellee, on its part, urging upon us that the district judge did not err in his findings, conclusions and judgment is here insisting that both questions asked by appellant should be answered in the negative.

While it must be conceded that, as a result of the Bazley and Adams cases, the questions presented for decision here are not easy to answer, we are of the opinion that nothing said or decided in those cases requires or permits the disapproval of the reasons given by the district judge in his conclusions of law and his opinion in the case, nothing therein requires the reversal of the judgment appealed from.

As appears from the opinion of the Supreme Court in the Bazley case, 331 U.S. at pages 742 and 743, 67 S.Ct. at page 1491, this was the gist of the decision:

"What have we here? No doubt, if the Bazley corporation had issued the debentures to Bazley and his wife without any recapitalization, it would have made a taxable distribution. Instead, these debentures were issued as part of a family arrangement, the only additional ingredient being an unrelated modification of the capital account. The debentures were found to

---

for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. * * *

\* \* \* \* \*

"(i) Definition of partial liquidation. As used in this section the term 'amounts distributed in partial liquidation' means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock."

4. "(g) Redemption of stock. If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after Feb. 28, 1913, shall be

treated as a taxable dividend." 26 U.S. C.A. § 115(g).

5. Reported in 105 F.Supp. 292.

6. "Questions presented:
"1. Whether the District Court erred in finding that the redemption and cancellation of the Gulf States preferred stock and the exchange therefor of the Gulf States debentures were made pursuant to a reorganization within the meaning of Section 112(b) (3) and 112(g) of the Internal Revenue Code.
"2. Whether the District Court erred in finding that the redemption and cancellation of the Gulf States preferred stock, which had been issued as a stock dividend and which was exchange for Gulf States debentures which changed the proportionate interests and substantive rights of the stockholders, were not equivalent to the distribution of a taxable dividend within the meaning of Section 115(g) of the Internal Revenue Code."

be worth at least their principal amount, and they were virtually cash because they were callable at the will of the corporation which in this case was the will of the taxpayer. One does not have to pursue the motives behind actions, even in the more ascertainable forms of purpose, to find, as did the Tax Court, that the whole arrangement took this form instead of an outright distribution of cash or debentures, because the latter would undoubtedly have been taxable income whereas what was done could, with a show of reason, claim the shelter of the immunity of a recapitalization-reorganization.

"The Commissioner, the Tax Court and the Circuit Court of Appeals agree that nothing was accomplished that would not have been accomplished by an outright debenture dividend. And since we find no misconception of law on the part of the Tax Court and the Circuit Court of Appeals, whatever may have been their choice of phrasing, their application of the law to the facts of this case must stand. A 'reorganization' which is merely a vehicle, however elaborate or elegant, for conveying earnings from accumulations to the stockholders is not a reorganization under § 112. * * *"

If this could properly be said to be the result of the facts here, we should be in no doubt that the judgment must be reversed. Indeed the taxpayer in his supplemental memorandum filed after the argument thus makes the concession that this would be so and thus puts the case for the contrary view here:

"We do not hesitate to concede, in deference to the Bazley case, that if the transaction had the result of an ordinary dividend then it could not constitute a reorganization; that a transaction having the effect of an ordinary dividend is incompatible with a reorganization.

"On the other hand, if the issuance of the new debentures in exchange for the preferred stock did not have the net effect of a dividend distribution then it seems to us clear that this exchange must necessarily qualify as a reorganization-recapitalization under Sections 112(b)(3) and 112(g)(1)(E). That, we believe, is also clear from the Bazley case.

"This follows from the proposition that if the 'net effect' of the recapitalization does not better the existing tax position of the stockholders by permitting them to take earnings and profits out of the corporation at capital gain rates—rather than at normal and surtax rates—no plausible reason exists for denying a transaction the tax-postponement provided by Section 112(b)(3)."

\* \* \* \* \* \*

"We, therefore, believe that if this Court is satisfied that the transaction was not a dividend, such as was reflected in the Bazley transaction, it will be equally as satisfied as the Court below that the transaction is entitled to tax-postponement under the reorganization provisions of the Code.

"Another way of stating this proposition is that if the Court is satisfied that the recapitalization did not add anything to the rights of the taxpayers, insofar as their ability prior to the 1942 exchange to realize on their old preferred shares at capital gain rates is concerned, then it cannot be said that any policy requires that the transaction must be currently taxed as a dividend to prevent the stockholders from ultimately reaping the advantage of a capital gain when the debentures are redeemed. In such event, the transaction not having 'stepped up' the taxpayers' tax position should not logically mature a tax.

"It is respectfully submitted that there can be no question whatever that the transaction did not have the net effect of a dividend distribution."

We are of the clear opinion that this is and should be the correct conclusion as to both the purpose and effect of the exchange which gave rise to this controversy. What was said in a recent dissenting opin-

ion in paraphrase of FitzGerald's lines[7] may be as truly said of this one: "This is one of those cases that a judge is likely to leave by the same door through which he enters". Indeed his decision may well be determined, before he enters, by his initial approach. This being so, a general declaration as to our approach is we think, in order.

This is that in law taxes are not regarded as benefits conferred, but as burdens imposed upon those subject to them, and they may not therefore, be exacted except upon and in accordance with a fair construction of the taxing laws which it is claimed impose them.

While, therefore, tax laws must be applied as written, and those subject to them may not escape their burdens, strained and artificial constructions in tax cases of law or of fact will be avoided, and words and acts will normally be given their usual and ordinary meaning.

■ Approaching the decision of this case from this point of view and entering upon its decision in the light thus afforded, we find in the facts nothing showing or tending to show any scheme on the part of taxpayer or corporation to misuse or misapply any of the reorganization provisions at issue in this case. On the contrary, we think the district judge was right in finding that what and all that occurred was the taking of the natural and proper steps to carry out the business purposes, sought to be accomplished by the change in the form of the securities, which the evidence shows were designed to be and were effected.

Under these circumstances it seems to us that it is pushing an undoubtedly sound decision too far, running a good principle into the ground, to find and hold that the misuse of reorganization provisions as instruments in unauthorized tax avoidance, which was present in the Bazley and Adams cases, went on here.

7. "Myself when young did eagerly frequent
　　　Doctor and Saint, and heard great argument;
　About it and about: but evermore
　　Came out by the same door where in I went."
　　　Omar Khayyam's Rubaiyat.

The district judge did not draw that deduction. The facts, in our opinion, do not justify it. The judgment was right. It is affirmed.